**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4929**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TREVOR SENARDO BROWN,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00450-WO-1)

Submitted:  October 18, 2010        Decided:  November 1, 2010

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., GRAY, JOHNSON, BLACKMON, LEE & LAWSON, LLP, Greensboro, North Carolina, for Appellant.  Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trevor Senardo Brown appeals the district court's judgment imposing a sentence of 120 months in prison and eight years of supervised release after he pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Brown's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when accepting Brown's guilty plea, and whether the court erred or abused its discretion in sentencing him. Brown was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Brown's guilty plea, but he alleges no error by the court. Because Brown did not move in the district court to withdraw his guilty plea, we review this challenge for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Thus, it is Brown's burden to show (1) error; (2) that is plain; (3) affecting his substantial rights; and (4) we should exercise our discretion to notice the error. Id. at 529. To show his substantial rights were affected, Brown must demonstrate that absent the error, he would not have entered his guilty plea.

2

<u>Id.</u> at 532. We may consider the entire record to determine the effect of any error. <u>See</u> <u>United States v. Vonn</u>, 535 U.S. 55, 74-75. We have reviewed the record and conclude that Brown has not shown any plain error affecting his substantial rights.

Appellate counsel next questions whether there is any error in Brown's sentence, but he alleges no error. We review a sentence for abuse of discretion. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. <u>Gall</u>, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Brown, and his sentence is reasonable. The district court sentenced Brown to the statutory mandatory minimum term of 120 months in prison and eight years of supervised release based on Brown's stipulation that the offense involved five or more grams

3

of cocaine base and the Government's information subjecting him to an increased penalty for his prior felony drug offense conviction. See 21 U.S.C. § 841(b)(1)(B). As the district court correctly explained at sentencing, the court had no discretion to sentence Brown below the statutory mandatory minimum, see United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), and his sentence to the statutory mandatory minimum is per se reasonable, see United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4